UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISAAC SHAMOUN,

                            Plaintiff,

     -against-

BOARD OF TRUSTEES, LIQUOR SALESMEN'S
UNION LOCAL 2 PENSION FUND,
VINCENT FYFE, MARTIN MANN,
VINCENT VOLPE, ROBERT LENTO,
MATTHEW MATTASSA, and
STEVEN MERESMAN,
                         Defendants.
-----------------------------------------------------------------X

**MEMORANDUM and ORDER**

05-CV-5730 (SLT) (RER)

**TOWNES, United States District Judge**:

Before this Court is the Report and Recommendation of Magistrate Judge Ramon E. Reyes, Jr., dated July 12, 2007, (the "R&R"), regarding an action by plaintiff Isaac Shamoun ("Plaintiff" or "Shamoun") against defendants Board of Trustees, the Liquor Salesmen's Union Local 2 Pension Fund (the "Fund") and Vincent Fyfe, Martin Mann, Vincent Volpe, Robert Lento and Matthew Mattassa (the "Trustees") (collectively, with the Fund, "Defendants") alleging that the Fund violated the anti-cutback provision of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1054(g)(1), and that the Trustees breached their fiduciary duty to Plaintiff. Defendants moved for summary judgment alleging that the anti-cutback provision of ERISA is inapplicable, and that Plaintiff has failed to establish the elements of a breach of fiduciary duty.

Judge Reyes recommended that this Court grant Defendants' motion for summary judgment and dismiss Plaintiff's complaint in its entirety. Pursuant to Fed. R. Civ. P. 72(b), Plaintiff objected to certain parts of the R&R, and in accordance with 28 U.S.C. § 636(b)(1), this Court reviews *de novo* those portions of the R&R to which Plaintiff objects. After carefully

reviewing Plaintiff's objections, this Court adopts the R&R in its entirety and grants Defendants' motion for summary judgment. For purposes of this Order, familiarity with the facts of the case is presumed. The Court refers the parties to the facts as stated in the R&R.

**DISCUSSION**

Plaintiff has objected to four parts of the R&R. Plaintiff challenges Judge Reyes's interpretation of the ERISA plan governing the Fund ("Plan"), arguing that his interpretation conflicts with basic principles of contract interpretation. Plaintiff also objects to Judge Reyes's determination that the Defendants had a right to change their interpretation of plan benefits. Plaintiff objects to Judge Reyes's finding that Plaintiff's fellow employees were in a different category of worker than Plaintiff, because he claims this finding is premature. Finally, Plaintiff objects to Judge Reyes's finding that Plaintiff is not entitled to equitable relief because Plaintiff claims the Court "certainly has the power" to fashion a monetary remedy.

*A.     Contract Interpretation*

Judge Reyes determined that the Trustees' interpretation of the Plan provision was not arbitrary and capricious because there was a reasonable basis for the Fund's decision. Plaintiff objects to this interpretation of the Plan and argues that it conflicts with basic principles of contract interpretation because ERISA plans should be construed against the drafter and in favor of participants. *See Lifson v. INA Life Ins. Co. of New York*, 333 F.3d 349, 353 (2d Cir. 2003). However, Plaintiff's reliance on *Lifson* is misplaced. In *Lifson*, the Court stated that "[w]e construe ambiguities against the drafter and in favor of the beneficiary." *Id.*; *see also Perreca v.*

*Gluck*, 295 F.3d 215, 223 (2d Cir. 2002) ("[A]bsent evidence indicating the intention of the parties, any ambiguity in the language used in an ERISA plan should be construed against the interests of the party that drafted the language.").

Plaintiff correctly points out that ambiguities should be construed against the drafters; however, there is no ambiguity regarding the language here. The Plan clearly states that "[o]nce your pension begins, you will receive regular monthly payments thereafter for the rest of your life. However, if you are reemployed after your retirement in a wholesale sales, sales managerial or supervisory capacity in the wine or liquor industry with such reemployment existing in the States of Connecticut, New Jersey or New York, your pension will be suspended until you again retire." [hereinafter, "Suspension of Benefits rule" rule]. (*See* Defendant's 56.1 Statement, ¶ 23, and Exh. B at 4.) In his Memorandum of Law in Opposition ("Memo in Opp."), Plaintiff concedes that he was fully aware that the Plan contained such terms. Plaintiff does not point to, and the Court does not find, any ambiguity in the Plan language. Plaintiff only argues that he was told by other union members that the Continuous Employment provision[1] modified the Suspension of Benefits rule. However, this Court agrees with Judge Reyes's recommended finding that, given the order in which the Continuous Employment provision and the Suspension of Benefits rule appear within the Plan, the only logical interpretation is that the Suspension of Benefits rule modifies the Continuous Employment Provision.

Furthermore, this Court finds that Judge Reyes used the appropriate arbitrary and capricious standard in making his recommendation. "[A] denial of benefits challenged under

---

[1] The Continuous Employment provision states: "Any participant, on whose behalf an Employer has been required to make contributions to the Fund for at least 300 months may retire and begin to receive a full, unreduced pension, regardless of his age at retirement." (*See* Defendant's 56.1 Statement, Exh. B at 4.)

3

§ 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Kinstler v. First Reliance Standard Life Ins. Co.,* 181 F.3d 243, 249 (2d Cir. 1999) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989)). "Where a plan reserves such discretionary authority, denials are subject to the more deferential arbitrary and capricious standard, and may be overturned only if the decision is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Kinstler*, 181 F.3d at 249 (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)) (citation and quotation omitted).

In this case, the Plan states, "The Board shall have full authority to determine all questions of the nature, type, form, amount, and duration of benefits . . ." (*See* Exhibit A, Agreement and Declaration of Trust, (hereinafter "Exh. A"), Article 4, ¶ 4.1.) Because the plan reserves discretionary authority for the administrator, "denials are subject to the more deferential arbitrary and capricious standard." *Kinstler*, 181 F.3d at 249.

## B.    *Consistent Adherence to the Plan*

Plaintiff argues that Judge Reyes erroneously determined that Defendants had the right to change their interpretation of plan benefits. This argument is based on a highly strained reading of Judge Reyes's opinion. Judge Reyes states that "even assuming that the Trustees' *application* of the Suspension of Benefits rule and Continuous Employment provisions has changed, effectively limiting a benefit Plaintiff has already accrued, defendants have not violated § 1054(g)(1)." (R&R at 6.) Judge Reyes points out that this is because the anti-cutback

4

provision specifically states that an *amendment* may not decrease an accrued benefit, and Plaintiff neither lists, provides, nor points to any Plan amendment that actually modifies or limits the benefit to which he claims he is entitled. (R&R at 7.) Instead, Judge Reyes notes that, Plaintiff simply alleges that the Union leadership told him that the Plan was amended. (*Id.*) Plaintiff points to no case where a change in the application or interpretation of plan provisions, instead of an actual amendment, is sufficient to support a cause of action under § 1054(g)(1).

Although Shamoun argues that Judge Reyes's determination conflicts with the basic principal that a plan must be adhered to consistently, he fails to point out any inconsistency. In his Opposition, he appears to argue that the plan was administered inconsistently because certain of his colleagues were able to receive pension benefits while working, even though he was denied this opportunity. He states that "the Trustees allowed favored plan participants to continue to receive both pay and retirement benefits by subterfuge." (Mem. in Opp. at 4.) However, Judge Reyes makes clear that Plaintiff's colleagues were able to collect benefits while continuing to work because they fell into a different category of worker than Plaintiff — workers who had reached the age of 70.5 between December 31, 1987 and January 1, 1998. According to the controlling Internal Revenue Code ("IRC") provision at the time, 26 U.S.C. § 401(a)(9)(C), Defendants were required by law to provide retirement benefits to any worker who reached age 70.5 regardless of the Fund's Suspension of Benefits rule.[2]

---

[2] Shamoun also misrepresents the Fund's conduct with respect to two other participants, Pasquale Figaro and his wife Arlene Figaro, claiming that Pasquale continued to receive retirement benefits while working on a "surreptitious basis" by servicing his accounts under his wife's name. However, the Fund's records for Arlene Figaro demonstrate that she has been a participant in the Fund since 1989. She was a salesperson for Peerless, continuously, since May 1994, until her retirement effective August 2005. She has not worked in the industry since her retirement. Pasquale Figaro also was a salesperson for Peerless since June 1994 and a participant of the Fund since 1989. He retired from the Fund, effective May 1, 2002. He hasn't been employed in the industry since the date of his retirement. (*See* Affirmation of J. Warren Mangan, Esq. ¶ 7 ("Mangan Aff.").)

Plaintiff also argues that Judge Reyes's interpretation allows inconsistency because it allowed Defendants to effectively limit a benefit Plaintiff had already accrued. Plaintiff has presented no evidence to support his assertion that the plan has been administered inconsistently. The Fund's Suspension of Benefit provision has been in effect since 1963, and has always included employment with an employer, like Peerless, covered under a Collective Bargaining Agreement requiring contributions to the Fund. (*See* Defendant's 56.1 Statement, ¶ 26, and Exh. C, "Trustees' Denial Letter.") The Fund has not amended its benefit plan since Plaintiff has been a participant in the Plan.

C.  *Judge Reyes's Finding is Not Premature*

Shamoun objects to Judge Reyes's finding that Plaintiff's fellow employees, including his colleagues Michael Fein and Gill Rosenberg, were permitted to work and draw benefits because they were in a different category of worker than Plaintiff, based on their ages. As stated above, according to the controlling law at the time, Defendants were required by law to provide retirement benefits to any worker who reached age 70.5 at a certain time, regardless of the Fund's Suspension of Benefits rule. *See* 26 U.S.C. § 401(a)(9)(C). In support of their motion, Defendants' counsel submitted an affirmation verifying that both Fein and Rosenberg are within the group of Plan participants who attained age 70.5 after December 31, 1987 and before January 1, 1998. (Affirmation of J. Warren Mangan, Esq. ("Mangan Aff.") at ¶ 5.) Both Fein and Rosenberg were allowed to receive retirement benefits while working at Peerless because, unlike Plaintiff, they fell into this defined category.

6

Shamoun claims this finding is premature because he has not had the opportunity to take discovery on this issue. However, Shamoun does not dispute that Fein and Rosenberg reached the age of 70.5 between December 31, 1987 and January 1, 1998, and, in his papers, Plaintiff describes his two colleagues as "admittedly older than himself." (Mem. in Opp. at 2.) Plaintiff does not point to anything he plans to find in discovery that would change the nature of Judge Reyes's finding or affect the disposition of this matter in any way. Shamoun has provided no evidence that there are issues of material fact surrounding the issue of his colleagues reaching the age of 70.5 between December 31, 1987 and January 1, 1998. The Court, therefore, finds that Judge Reyes's conclusion that Fein and Rosenberg reached age 70.5 between the specified dates was appropriate, and agrees with Judge Reyes that Defendants were required by law to provide benefits to them, regardless of the Fund's Suspension of Benefits rule.

D.  *Relief*

Finally, Shamoun claims that Judge Reyes erroneously found that Plaintiff is not entitled to equitable relief and argued that the Court has the power to fashion a monetary remedy. As summarized by Judge Reyes, there are only two provisions of ERISA available to Plaintiff that allow a plan participant to bring a civil action for breach of fiduciary duty, § 1132(a)(2) and § 1132(a)(3). Although Shamoun failed to identify the provision of § 1132 under which he is bringing suit, Plaintiff does not have a legally cognizable claim under either provision. To bring a claim under § 1132(a)(2),[3] the cause of action must "be brought in a representative capacity on

---

[3] ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2), allows a participant to bring an action for appropriate relief pursuant to ERISA section 409(a), 29 U.S.C. § 1109(a), which provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from such breach . . ." In other

behalf of the plan as a whole." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985). "A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuses of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Id.* at 142. *See also Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) (citing *Russell* and dismissing a § 1132(a)(2) claim "because plaintiffs are seeking damages on their own behalf, not on behalf of the Plan."). Plaintiff's allegations within the complaint address only the money lost to him because of the Trustees' alleged inequitable application of the Plan provisions. As monetary compensation for an individual plaintiff is clearly not permitted under the statute, Plaintiff may not bring a claim under § 1132(a)(2).

Furthermore, § 1132(a)(3)[4] only allows a participant to sue individually for equitable relief. Section 502(a)(3) of ERISA provides individual participants a personal right of action to bring claims to enjoin practices that violate ERISA or the relevant plan, or to "obtain other appropriate equitable relief . . ." 29 U.S.C. § 1132(a)(3); *see also Fisher v. J.P. Morgan Chase & Co.,* 230 F.R.D. 370, 376 (S.D.N.Y. 2005). The Supreme Court has interpreted section 502(a)(3) to contemplate only the type of relief "*typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Fisher*, 230 F.R.D. at 376 (quoting

---

words, the right of action contained in section 502(a)(2) permits an individual participant to sue a plan fiduciary for breach of fiduciary duty on behalf of the relevant plan itself for losses the plan has suffered. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985) (explaining that "the entire text of § 409 persuades us that Congress did not intend that section to authorize any relief except for the plan itself.").

[4] Section 1132(a)(3) states that: "A civil action may be brought . . . by a participant, beneficiary or fiduciary A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C.A. § 1132

*Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993)) (emphasis in original). Plaintiff's request for monetary damages in no way qualifies as "equitable relief" under § 1132(a)(3). *See Fisher*, 230 F.R.D. at 376 ("Compensatory damages — historically legal, not equitable, relief — are unavailable pursuant to section 502(a)(3).") Moreover, Plaintiff does not ask for any type of restitution, either legal or equitable. Therefore Plaintiff may not bring a claim under § 1132(a)(3).

The statutes are clear that Plaintiff cannot bring a claim for monetary relief, yet Plaintiff objects to Judge Reyes finding, claiming that the Court "certainly has the power" to fashion a monetary remedy in this case. The Court disagrees with Plaintiff's bold pronouncement. Rule 54(c) does not permit this Court to give, nor Plaintiff to seek, relief to which Plaintiff is not "entitled." *See* Fed. R. Civ. P. 54(c); *see also Fisher v. J.P. Morgan Chase & Co.*, No. 03-3252, 2006 WL 2819606, at *7 (S.D.N.Y. Sept. 29, 2006); *Kishter v. Principal Life Ins. Co.*, 186 F. Supp. 2d 438, 446 (S.D.N.Y. 2002). Plaintiff is not entitled to compensatory damages or any other type of monetary relief.

## CONCLUSION

The Court has considered Plaintiff's objections to the R&R and finds them to be without merit. Therefore, based on the reasons stated above, the Court adopts Magistrate Judge Reyes's

Report and Recommendation in its entirety. Accordingly, Defendants' motion for summary judgment dismissing this action is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
August 23, 2007

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge